**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Jontaz D. Stanford,** | ) CASE NO. 1:20 CV 1675 |
| ) | |
| **Plaintiff,** | ) JUDGE DONALD C. NUGENT |
| ) | |
| v. | ) |
| ) | **MEMORANDUM OPINION** |
| **Cuyahoga County Jail,** | ) **AND ORDER** |
| ) | |
| **Defendant.** | ) |

*Pro se* plaintiff Jontaz Stanford has filed an *in forma pauperis* civil complaint against the Cuyahoga County Jail (CCJ or "Jail"). (Doc. No. 1.) He seeks damages and other relief on the basis that conditions and his treatment in the Jail violate his rights under the Eighth Amendment.

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required under 28 U.S.C. § 1915A to review any complaint filed in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A). .

Upon review, the Court finds that the plaintiff's complaint must be dismissed.

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but in order to make out a federal civil rights claim based on such conditions under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person acting under color of state law violated his rights. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002). The plaintiff's complaint does not set forth allegations connecting the unconstitutional conditions and treatment he alleges to any individual state actor. County jails are not persons subject to suit under § 1983. *See Watson v. Gill*, 40 Fed. App'x 88, 89, 2002 WL 1396900, at *1–2 (6th Cir. June 26, 2002) (finding that county jail is not a legal entity susceptible to suit under § 1983); *Barnes v. Cuyahoga County Jail*, No. 1: 09 CV 2671, 2010 WL 148136 (N.D. Ohio Jan. 12, 2010) (same). The plaintiff has alleged no plausible claim for relief against the defendant he sues.

Further, even if the complaint is construed as against Cuyahoga County, it fails to state a plausible claim. In order for a plaintiff to hold county government liable for a rights violation under § 1983, he must demonstrate that a "policy or custom" of the county itself caused the alleged rights violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Watson*, 40 Fed. App'x at 89. The plaintiff's complaint does set forth allegations sufficient to support a plausible claim against Cuyahoga County under *Monell*, and there is no vicarious liability under § 1983. In other words, "a governmental entity cannot be held responsible under § 1983 for injuries inflicted by its employees or agents merely because it employs [a] wrongdoer." *Watson*, 40 Fed. App'x at 89 (citing *Monell*, 436 U.S. at 691).

**Conclusion**

For the foregoing reasons, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. In light of this ruling, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                /s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2020